Joseph A. DiRuzzo, III, Esq., CPA (JD0300)
Law Office of Marjorie Roberts, P.C.
PO Box 6347
St. Thomas, VI 00804
TEL: 340.776.7235
FAX: 340.776.7951
joe@marjorierobertspc.com

Attorney for Petitioner

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE**

| | | |
|---|---|---|
| STUART I. MEYERS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | Case No. _____ |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**PETITION TO QUASH IRS THIRD-PARTY SUMMONS**

Petitioner, Stuart I. Meyers, through undersigned counsel, respectfully petitions this Court to quash the improper and invalid administrative summons issued by the Internal Revenue Service to Bank of America. In support thereof, Petitioner states as follows:

JURISDICTION AND VENUE

1.      On an unknown date, Internal Revenue Agent Janet Sanchez ("Agent Sanchez") issued an Administrative Summons (the "Summons") directed to Bank of America for the production of documents for the Petitioner assumedly under 26 U.S.C. §7602 (I.R.C. §7602).  A

true and correct copy of the letter from Bank of America to Mr. Meyers, as delivered to counsel for Petitioner is attached as **Exhibit 1**.

2.      26 U.S.C. §7609(h) confers jurisdiction upon the District Court for the district in which the person to whom an administrative summons issued by the IRS is directed, resides, or is found to hear and determine any proceeding to quash the Summons.

3.      Notwithstanding that the IRS may have sent its summons to Bank of America's headquarters in Charlotte, North Carolina, or to P.O. Box 407090, Ft. Lauderdale, FL 33340-9962, upon information and belief, Bank of America is a financial institution with locations throughout New Jersey, including a branch office located at 50 East State Street, Trenton, NJ 08608. A physical presence, including a branch office of a summoned party, is sufficient for that party to be considered "found" within this district.  *See, e.g., Pilchesky v. United States*, 2008 U.S. Dist. LEXIS 75170, at *4 - *72008-2 U.S. Tax Cas. (CCH) P 50, 629 (M.D. Pa. Sept. 29, 2008); *Hopkins v. IRS*, Civ. No. 07-262, 2008 U.S. Dist. LEXIS 45510, *10 (D.N.M. March 28, 2008); *Cayman Nat'l Bank, Ltd. v. United States*, No. 8:06-mc-50-T-24 MAP, 2007 U.S. Dist. LEXIS 13005, *9 (M.D. Fla. Feb. 26, 2008); *Williams v. United States*, No. 1:05-mc-6, 2005 U.S. Dist. LEXIS 25673 (E.D. Tenn. July 29, 2005); *Oldham v. United States*, Civil No. 01-1410-HA, 2002 U.S. Dist. LEXIS 9346, *2 (D. Or. March 21, 2002).

4.      This Court also has jurisdiction under 28 U.S.C. § 1340 which confers upon this Court "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade."

THE PARTIES

5.      Petitioner Stuart I. Meyers is a citizen of the United States whose mailing address is 2121 Ponce de Leon Blvd., Coral Gables, Florida 33134.

6.      Respondent United States of America, Internal Revenue Service ("IRS") of the Department of the Treasury is a federal government entity with agencies and offices throughout the United States, including an office located on the 8th Floor at 51 SW 1st Avenue, Miami, Florida 33130.

FACTUAL AND LEGAL BASIS FOR QUASHING THE SUMMONS

7.      The Summons directed third-party Bank of America to produce certain documents that are unknown to Petitioner.

8.      The IRS must at all times use the summons authority in good faith pursuit of a congressionally authorized purpose.  The IRS has the burden of showing that its investigation is pursuant to a legitimate purpose and that the information sought is relevant and material to such legitimate purpose.

9.      Upon information and belief, the IRS is using its summons powers in a manner inconsistent with good faith pursuit of a congressionally authorized purpose.

10.     When enforcement of an IRS summons is challenged, the government must show (i) that the summons was issued for a proper purpose; (ii) that the information sought may be relevant to that purpose; (iii) that the information sought is not already in possession of the IRS; and, (iv) that the government has complied with the administrative steps required by law with respect to the issuance and service of a summons. *Powell v. United States*, 379 U.S. 48, 57-58 (1964).

3

11.     If the government satisfies its *prima facie* burden, the taxpayer retains the right to challenge the IRS' summons by disproving one or more of the *Powell* requirements or by demonstrating that enforcement of the summons will result in abuse of the Court's process. *See United States v. Rockwell Int'l*, 897 F.2d 1255, 1262 (3d Cir. 1990); *see also Wheeler v. United States*, 459 F.Supp.2d 399, 402 (W.D. Pa. 2006).

12.     The Summons is invalid and should be quashed because it fails at least three of the four criteria under *Powell v. United States*, 379 U.S. 48 (1964), for enforcement of an administrative summons issued by the Internal Revenue Service.

13.     First, the Summons should be quashed because it was issued for an invalid purpose.  The IRS has audited Petitioner for the tax years ending December 31, 2002, 2003 and 2004.   As *bona fide* resident of the U.S. Virgin Islands within the meaning of 26 U.S.C. § 932(c)(4) for the tax years covered by the time period of the Summons, Petitioner filed his income tax returns with the United States Virgin Islands Bureau of Internal Revenue, reporting worldwide income and paying tax thereon under Title 26, as it applies in the U.S. Virgin Islands by operation of 48 U.S.C. § 1397.   Pursuant to 26 U.S.C. § 6501, the applicable three-year statute of limitations has expired.

14.     Second, the Summons should be quashed because the documents the IRS seeks from Bank of America are not relevant to determination of Petitioner's residency or tax liability.

15.     By virtue of the IRS not providing the summons to Petitioner, or his counsel, the purpose for the testimony and documents sought in the Summons is unknown.

16.     Upon information and belief, the IRS appears to be relying on a facts-and-circumstances test for residency as set forth in *Sochurek v. Commissioner*, 300 F.2d 34 (7th Cir.

1062) which examined 26 U.S.C. § 911, but did not examine the applicable law under 26 U.S.C. §§ 871 and 932.

17.     However, none of the information or documents that may be obtained from American Express Company has any bearing on any of the *Sochurek* factors, namely: (1) the intention of the taxpayer about residency; (2) establishment of a home temporarily in the foreign country for an indefinite period; (3) participation in the activities of his or her chosen community on social and cultural levels, identification with the daily lives of the people and, in general, assimilation into the foreign environment; (4) physical presence in the foreign country consistent with employment; (5) nature, extent and reasons for temporary absences from his or her temporary foreign home; (6) assumption of economic burdens and payment of taxes to the foreign country; (7) status of resident contrasted to that of transient or sojourner; (8) treatment accorded his or her income tax status by his or her employer; (9) marital status and residence of his or her family; (10) nature and duration of employment, whether his or her assignment abroad could be promptly accomplished within a definite or specified time; and (11) good faith in making his or her trip abroad and not for the purpose of tax evasion.  Thus, the issuance of the Summons fails the second *Powell* test.

18.     Further, even assuming *arguendo* that determining whether Petitioner is a *bona fide* resident of the U.S. Virgin Islands within the meaning of 26 U.S.C. section 932(c)(4) is a valid purpose under *Powell*, the information and documents sought from Bank of America have no relevance whatsoever to the determination of residency under 26 U.S.C. § 934.  The term "bona fide resident" for the periods subject to the summons (2001-2004) was defined in 26 U.S.C. § 934 and the Treasury Regulations thereunder.  Treasury Regulation § 1.934-1(c)(2) stated that "in determining whether a United States citizen is a bona fide resident of the Virgin

Islands, the principles of sections 1.871-2, 1.871-3, 1.871-4, and 1.871-5, relating to the determination of residence and nonresidence in the United States, shall apply."

In defining residence, Treasury Regulation § 1.871-2(b) provides:

An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by **his intentions** with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. . . . [I]f his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien make [sic] his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. [Emphasis added.]

The determination of USVI residency cannot be determined by the requested documents as they have no bearing on Petitioner's subjective believe as to whether he was bona a fide USVI residents for the period in question.

19.      Moreover, the IRS's position that American citizens that resided in the United States Virgin Islands and filed a tax return with Virgin Islands pursuant to 26 U.S.C. § 932(c) are not subject to the statute of limitations provisions of 26 U.S.C. § 6501 (*See* Notice 2007-19 and Notice 2007-31) is untenable. In the instant case the IRS has opened audits of tax years that are almost eight (8) years old. The issuance of a summons to a third party in furtherance of these extremely belated audits is an abuse of this Court's process. Nina Olsen, the head of the IRS's Taxpayer Advocate Service discussed in the 2009 Annual Report to Congress (a true and correct copy of the relevant portion is attached hereto as **Exhibit 2**) that "the IRS appears to be arbitrarily singling out a narrow class of taxpayers" (**Exhibit 2**, page 7 of 9) and that "IRS audits of years ending before December 31, 2006, have gone on long enough" (**Exhibit 2**, page 8 of 9). Accordingly, any enforcement of the third-party summons issued to American Express Company would be an abuse of this Court's process.

20.     Finally, and in this case most importantly, the IRS failed to comply with the administrative procedures contained in Title 26 by failing to provide notice of the issuance of the summons to Bank of American by failing to provide a copy of the summons issued to Bank of America to either the Petitioner or his counsel, as required by Title 26.  Such failure is *prima facie* grounds for quashing the subject summons.

21.     Contemporaneously with or prior to the filing of this Petition, copies of this Petition were mailed by registered or certified mail to the person summoned and the IRS officers and offices indicated in the summons.

**WHEREFORE**, Petitioner Stuart I. Meyers prays that the Administrative Summons be quashed and for all other just and proper relief to which they are entitled.

Dated August 17, 2010

Respectfully submitted,

/s/ **Joseph A. DiRuzzo, III**

Digitally signed by /s/ Joseph A. DiRuzzo, III
DN: cn=/s/ Joseph A. DiRuzzo, III, o=Law Office of Marjorie Roberts, P.C., ou, email=joe@marjorierobertspc.com, c=US
Date: 2010.08.17 13:57:33 -04'00'

Joseph A. DiRuzzo, III, Esq., CPA (JD0300)
Law Office of Marjorie Roberts, P.C.
PO Box 6347
St. Thomas, VI 00804
TEL: 340.776.7235
FAX: 340.776.7951
joe@marjorierobertspc.com

CERTIFICATE OF MAILING FOR I.R.C. §7609(b)(2)(B)

The undersigned hereby certifies that a copy of the foregoing Petition To Quash IRS Third-Party Summons was deposited in the U.S. Mail, certified, return receipt requested, with postage prepaid, addressed to:

Bank of America
c/o Legal Order Processing
Reference #: F072710000509
1425 NW 62nd Street
FL6-001-02-11
Ft. Lauderdale, FL 33309
USPS return receipt number 7010 0290 0002 9185 8097

With a copy faxed to: 404.532.3209

Internal Revenue Service
Attn: Janet Sanchez
51 SW 1st Ave., 8th floor
Miami, FL 33130
USPS return receipt number 7010 0290 0002 9185 8080

U.S. Attorney's Office
402 East State Street, Rm 430
Trenton, NJ 08608
USPS return receipt number 7010 0290 0002 9185 8073

U.S. Attorney General
U.S. Dept. of Justice
950 Penn. Ave., NW
Washington, DC 20530-0001
USPS return receipt number 7010 0290 0002 9185 8066

## /s/ Joseph A. DiRuzzo, III

Digitally signed by /s/ Joseph A. DiRuzzo, III
DN: cn=/s/ Joseph A. DiRuzzo, III, o=Law Office of Marjorie Roberts, P.C., ou,
email=joe@marjorierobertspc.com, c=US
Date: 2010.08.17 13:57:46 -04'00'

Joseph A. DiRuzzo, III, Esq., CPA (JD0300)
Law Office of Marjorie Roberts, P.C.
PO Box 6347
St. Thomas, VI 00804
TEL: 340.776.7235
FAX: 340.776.7951
joe@marjorierobertspc.com